FIRST NATIONAL BANK OF SEVIERVILLE, TENNESSEE, *v.* SEVIER COUNTY, TENNESSEE, *et al.*

(*Knoxville,* September Term, 1929.)

Opinion filed July 21, 1930. Petition to rehear denied January 17, 1931.

JOHN OGDEN MORRELL, NORMAN B. MORRELL and CHAS. E. DONAGHY, for complainant, appellant.

R. H. BEELER and R. E. MAIDEN, Assistant Attorneys-General, and E. E. CRESWELL, District Attorney-General, for defendants, appellees.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The complainant, a national banking corporation conducting its business in a building owned by it in the Town of Sevierville, filed this bill to recover taxes paid under protest. The bill was filed in the Chancery Court of Sevier County and transferred to Knox County for hearing on account of the incompetency of the regular chancellor. The theory of the bill is that the State, county and municipal laws, pursuant to which the taxes were assessed, are void, because in conflict with the statute of the United States, section 5219 of the Revised Statutes, the pertinent provisions of which are as follows:

"The legislature of each State may determine and direct, subject to the provisions of this section, the manner and place of taxing all the shares of national banking associations located within its limits. The several states may (1) tax said shares, or (2) include dividends derived therefrom in the taxable income of an owner or holder thereof, or (3) tax such associations on their net income, or (4) according to or measured by their net income, provided the following conditions are complied with:

"1. (a) The imposition by any state of any one of the above four forms of taxation shall be in lieu of others except as hereinafter provided in subdivision (c) of this clause.

"(b) In the case of a tax on said shares, the tax imposed shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual

citizens of such state coming into competition with the business of national banks.

"Provided, that bonds, notes or other evidences of indebtedness in the hands of individual citizens not employed or engaged in the banking or investment business and representing merely personal investments not made in competition with such business shall not be deemed moneyed capital within the meaning of this section."

We quote from the brief of complainant as follows:

"The basis of this suit is found in the fact that under the present tax laws of this State and the taxing subdivisions thereof the owners in Sevierville, Sevier County, Tennessee, of $100,000, invested in building and loan associations, would pay only $187.50 in taxes and the owners of an equal sum invested in stocks and bonds in the same town and county would pay, if earning six per cent, $300 in taxes, whereas, the owners of an equal sum invested in national bank stock in the same place would pay $4,100 taxes. . . .

"No complaint is made in the case at bar as to the manner in which the taxing officials have administered the law; the complaint made is with reference to the taxes and the laws themselves, because it is the laws that create the inequality, discrimination and unfairness."

The object of the statute quoted, as appears upon its face, is to prevent unjust discrimination in the matter of taxation between a national bank and other corporations and individuals engaged in substantially the same business in competition with it. If, therefore, a building and loan association, or an individual, is engaged in a competitive business with a national bank, and is given an advantage in that such corporation or individual is permitted by the State, or one or more of its subdi-

visions, to engage in such business at a rate of taxation less than that required of the bank, the latter would be entitled to relief under the statute.

Primarily, therefore, the question for determination becomes largely one of fact.

The bill was demurred to on many grounds. The demurrer was sustained in part and the bill dismissed. By consent the cause was transferred to Nashville, and submitted upon briefs. The complaint covers forty-five pages of the transcript, and no useful purpose could be served by copying its allegations into this opinion. We have carefully read it, and conclude, as the chancellor must have done, that it contains no statement of facts that would entitle complainant to the relief sought.

The bill seems to be predicated upon a situation that relates to the State as a whole, viz., that there are ninety-nine national banks in the State, and a number of building and loan associations and individuals in the State who are competing with these banks without being required to pay the same rate of taxation, which is a discrimination denounced by the statute.

The bill states that it is filed on behalf of complainant and the other ninety-eight banks. There is not a single averment as to any specific wrong suffered by complainant; no charge that any building and loan association exists in Sevier County, or is engaged in conducting a business in that county; no such association is named as competing with it, or facts stated as to the means and manner by which it is interfering with or injuring complainant's business. The charges are just as indefinite with respect to individuals. It does not appear, however, to be the theory of the bill that complainant has been brought into competition with the "moneyed capital"

complained of, but that it is a member of a class that has been discriminated against, and can, therefore, maintain this suit without charging that these associations and individuals have, in fact, competed with it. If this is a correct interpretation of the bill, then clearly it cannot be maintained, because, if complainant has not been discriminated against in the manner indicated, it does not come within the purview of the statute. If wrong in the interpretation placed upon the bill, and complainant intended by the language employed to charge that the "moneyed capital" referred to was employed in competition with it, then, for the reasons previously stated, the allegations are too meager and indefinite to constitute a cause of action. In the absence of a statement of facts, we cannot determine the matter.

Where such a state of facts is presented as that the court can conclude that the State has discriminated in the matter of taxes as between a national bank and other "moneyed capital," engaged in competition with it, relief will be granted. But the facts stated in this bill are not sufficient to call for the application of the statute relied upon.

The defendants have assigned errors by which they make the question that complainant's remedy was by appeal to the board of tax assessors. To this we cannot agree. That board had no authority to grant the relief sought. Complainant is attacking the validity of certain tax statutes, and concedes that the authorities proceeded regularly in conformity with these statutes.

For the reasons stated, the decree of the chancellor will be affirmed.

Complainant will pay the costs.